UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Tamara R. Hatcher,
and other similarly situated individuals,

    Plaintiff (s),

v.

Sabina's Dream, LLC,
d/b/a Royal Maid Service Rockledge,
and Sabina Huseynova, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now the Plaintiff Tamara R. Hatcher and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Sabina's Dream, LLC, d/b/a Royal Maid Service Rockledge and Sabina Huseynova, individually, and alleges:

Jurisdiction Venues and Parties

1. This action is to recover money for unpaid regular and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Tamara R. Hatcher is a resident of Brevard County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. For purposes of the Act, she is a covered employee.

3. Defendants Sabina's Dream, LLC, d/b/a Royal Maid Service Rockledge (from now on Royal Maid Service, or Defendant) is a Florida Limited Liability Company having a place of business in Sanford, Seminole County, Florida. Defendants are engaged in interstate commerce.

4. The individual Defendant, Sabina Huseynova, was and is now the owner/partner and operator of Royal Maid Service. This individual defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint occurred within this Honorable Court's jurisdiction in Brevard and Seminole County, Florida.

## Allegations Common to All Counts

6. Plaintiff Tamara R. Hatcher brings this cause of action as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff, and all other current and former employees

similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after January 2024, (the "material time") without being compensated adequately under the FLSA.

7. Defendant Royal Maid Service is a residential and commercial cleaning company.

8. The Employer, Royal Maid Service, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides cleaning services for home and busiensses. Defendant has more than two employees who are directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Based on information and belief, the employer's annual gross revenue was always more than $500,000 per annum. Therefore, there is enterprise coverage.

9. The plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other similarly situated employees regularly

handled and worked with goods and materials that were moved in interstate commerce at any time during the business, within the meaning of the FLSA. Therefore, there is individual coverage.

10. Defendants Royal Maid Service and Sabina Huseynova employed Plaintiff Tamara R. Hatcheras from approximately January 01, 2024, through March 13, 2024, or 10 weeks.

11. The plaintiff was a non-exempt, full-time maid who cleaned and maintained clients' private homes. Plaintiff was paid an hourly rate of $25.00.

12. During her employment with Defendants, Plaintiff worked seven days weekly from Monday to Sunday, from 8:00 AM to 6:00 PM (10 hours daily), or 70 hours weekly. Plaintiff was unable to take bonafide lunchtime.

13. Plaintiff worked consistently and regularly more than 40 hours weekly but was not paid for overtime hours, as required by law.

14. In addition, the Defendants did not pay the Plaintiff her wages on payday in a timely manner. The plaintiff received her wages in partial payments.

15. Moreover, Plaintiff did not receive payment for many weeks. Plaintiff was never paid for all her working hours.

16. When paid, Plaintiff received partial payments in cash without accounting for the number of hours worked.

17. Plaintiff complained many times to the business owner, Sabina Huseynova, about missing payment for regular and overtime hours, but she did not fix the problem.

18. Plaintiff did not clock in and out, but Defendants could keep track of Plaintiff's working hours. Defendants knew about the hours that Plaintiff and other similarly situated individuals worked.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

20. Defendants also failed to pay Plaintiff regular wages for every hour worked. Plaintiff did not receive any payment for regular hours at any rate, not even at the minimum wage rate, as required by law

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. Plaintiff was paid with cash or direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff, wage rate paid, employee taxes withheld, etc.

23. On or about March 13, 2024, Plaintiff was forced to leave her position because Defendant was not paying Plaintiff her hard-earned wages.

24. At the time of her resignation, Defendants refused to pay Plaintiff her back wages.

25. At times mentioned, individual Defendant Sabina Huseynova was and is now the owner/director and manager of Defendant Corporation Royal Maid Service. Individual Defendant Sabina Huseynova had absolute financial and operational control of Royal Maid Service. Individual Defendant Sabina Huseynova was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Royal Maid Service concerning its employees, including Plaintiff and others similarly situated, and they are jointly and severally liable for Plaintiff's damages.

26. Plaintiff Tamara R. Hatcher seeks to recover accumulated unpaid regular wages, overtime hours, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

.

individuals the proper compensation for regular wages (hours under 40) and overtime hours at the rate of time and one-half their regular rate.

29. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wage and overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff Tamara R. Hatcher re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full.

31. Plaintiff Tamara R. Hatcher and those similarly situated bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants Royal Maid Service and Sabina Huseynova employed Plaintiff Tamara R. Hatcheras from approximately January 01, 2024, through March 13, 2024, or 10 weeks.

33. The plaintiff was a non-exempt, full-time maid who cleaned and maintained clients' private homes. Plaintiff had an hourly rate of $25.00.

34. During her employment with Defendants, Plaintiff worked seven days per week from Monday to Sunday, 70 hours weekly. Plaintiff was unable to take bonafide lunchtime.

35. Plaintiff worked consistently and regularly more than 40 hours weekly but was not paid for overtime hours, as required by law.

36. In addition, the Defendant did not promptly pay the plaintiff her wages on payday. The plaintiff received her wages in partial payments.

37. Moreover, the Plaintiff did not receive payment for many weeks and was never paid for all her working hours.

38. When paid, the Plaintiff received partial cash payments without accounting for the number of hours worked and paid.

39. Plaintiff complained many times to the business owner, Sabina Huseynova, about missing payment for regular and overtime hours, but she did not fix the problem.

40. Plaintiff did not clock in and out, but Defendants could keep track of Plaintiff's working hours. Defendants knew about the hours that Plaintiff and other similarly situated individuals worked.

41. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

42. Plaintiff was paid with cash or direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff, wage rate paid, employee taxes withheld, etc.

43. On or about March 13, 2024, Plaintiff was forced to leave her position because Defendant was not paying Plaintiff her hard-earned wages.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in Defendants' possession and custody.  However, based on information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

45. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff does not have time and payment records, and she is providing this preliminary good-faith estimate of the unpaid overtime based on her best recollections. Plaintiff will amend her calculations after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Eleven Thousand Two Hundred Fifty Dollars and 00/100 ($11,250.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 10 weeks
   Relevant number of weeks: 10 weeks
   Total number of days worked: 7 days
   Total number of hours worked: 70 hours weekly
   Regular rate: $25.00 x 1.5= $37.50 O/T rate
   O/T rate: $37.50 an hour

   $37.50 x 30 O/T hours=$1,125.00 wkly x 10 weeks=$11,250.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

48. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to pay her as provided in said Act properly.

49. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and have owed Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

50. Defendants Royal Maid Service and Sabina Huseynova willfully and intentionally refused to pay Plaintiff Tamara R. Hatcher overtime wages as required by United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

51. Plaintiff seeks to recover unpaid overtime wages from hiring to her last day of employment.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Tamara R. Hatcher and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Tamara R. Hatcher and other similarly situated and against the Defendants Royal Maid Service and Sabina Huseynova, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff Tamara R. Hatcher an equal amount in double damages/liquidated damages and

D. Award Plaintiff Tamara R. Hatcher reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Tamara R. Hatcher and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

53. Plaintiff Tamara R. Hatcher re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

54. Plaintiff Tamara R. Hatcher and those similarly situated bring this action to recover from the Employer Royal Maid Service unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

55. Defendant Royal Maid Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

56. because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

57. 29 USC §206 states (a), "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

58. Defendants Royal Maid Service and Sabina Huseynova employed Plaintiff Tamara R. Hatcher as a non-exempt, full-time, hourly employee from approximately January 01, 2024, to March 13, 2024, or 10 weeks.

59. Plaintiff was hired as a maid performing her work at clients' private homes. Plaintiff had a wage rate of $25.00 an hour.

60. During her employment with Defendants, Plaintiff worked seven days per week from Monday to Sunday, 70 hours weekly. Plaintiff was unable to take bonafide lunchtime.

61. Plaintiff worked consistently and regularly more than 40 hours weekly, but Defendants did not pay Plaintiff her wages on payday promptly.

62. Moreover, Plaintiff did not receive payment for many weeks and was never paid for all her working hours.

63. When paid, the Plaintiff received partial payments in cash without accounting for the number of hours worked.

64. Plaintiff complained many times to the business owner, Sabina Huseynova. Plaintiff complained about missing payment for regular and overtime hours, but she did not fix the problem.

65. Plaintiff was not paid a substantial number of hours at any rate, not even at the minimum wage.

66. On or about March 13, 2024, Plaintiff was forced to leave her position because Defendant was not paying Plaintiff her hard-earned wages.

67. At the time of her resignation, Defendants refused to pay Plaintiff her back wages.

68. Defendants failed to pay Plaintiff regular wages for every hour worked. Plaintiff did not receive any payment for regular hours at any rate, not even at the minimum wage rate, as required by law.

69. Plaintiff did not clock in and out, but Defendants could keep track of Plaintiff's working hours. Defendants knew about the hours that Plaintiff and other similarly situated individuals worked.

70. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

71. The records, if any, concerning the number of hours worked by Plaintiff Tamara R. Hatcher and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, based on information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

72. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

73. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

74. At the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    * Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.
    *Florida's minimum wage is higher than the federal minimum wage
     As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Four Thousand Eight Hundred Dollars and 00/100 ($4,800.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment:  10 weeks
       Total relevant weeks of employment: 10 weeks
       Total number of hours worked: 40 regular hours
       Regular rate:  $25.00 an hour
       Florida minimum wage rate 2024: $12.00 an hour

       $12.00 x 40 hours=$480.00 weekly x 10 weeks=$4,800.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid minimum wages in Florida

minimum wage rate[2]

75. Defendants Royal Maid Service and Sabina Huseynova unlawfully failed to pay Plaintiff minimum wages.

76. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

77. Defendants Royal Maid Service and Sabina Huseynova willfully and intentionally refused to pay Plaintiff minimum wages, as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations. Plaintiff received 3 partial payments totaling $1,040.00 ($220.00 + $300.00 + $520.00=$1,040.00) which will be deducted after discovery.

78. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Tamara R. Hatcher and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Tamara R. Hatcher and against the Defendants Royal Maid Service and Sabina Huseynova based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Tamara R. Hatcher and those similarly situated demand trial by jury of all issues triable as a right by jury.

Date:  March 31, 2024

                          Respectfully Submitted,

                          By:  **/s/ Zandro E. Palma**____
                          ZANDRO E. PALMA, P.A.
                          Florida Bar No.: 0024031
                          9100 S. Dadeland Blvd.
                          Suite 1500
                          Miami, FL 33156
                          Telephone:       (305) 446-1500
                          Facsimile:         (305) 446-1502
                          zep@thepalmalawgroup.com
                          *Attorney for Plaintiff*